UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERRICK R. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:14-CV-100 JD |
| | ) |
| EVAN LOWRY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Derrick R. Johnson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under RULE 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Johnson claims that officials at the Westville Control Unit ("WCU") have unduly interfered with his religious practice. Johnson, a Native American, claims he has written several

letters to Evan Lowry, complex director at WCU, asking if he could possess certain items in his cell for use in his religious practice, including a feather, crystal, string, and beads. He also requested that Native American inmates be permitted to have group services. He claims that Lowry denied his requests, except to permit him to have one feather, citing security concerns and lack of staff. Johnson believes these concerns are either false or exaggerated, because inmates of other religious faiths are allowed to have similar items and to participate in group services. In this action, he seeks injunctive relief requiring the prison to accommodate his requests or provide him with acceptable alternatives.

Under the First Amendment, prisoners enjoy a right to the free exercise of their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). A prison may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). In determining whether an asserted justification is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate; the impact an accommodation of the asserted right would have on guards and other inmates; and whether there are "obvious alternatives" to the restriction, thus demonstrating that the restriction is an exaggerated response to penological concerns. *Ortiz*, 561 F.3d at 669.

Inmates are entitled to broader religious protection under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

> No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). If a plaintiff demonstrates that his religious exercise has been substantially burdened, the burden shifts to the defendants to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009). In making this determination, courts must afford "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005). However, a court "can only give deference to the positions of prison officials as required by *Cutter* . . . when the officials have set forth those positions and entered them into the record." *Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008).

As recounted above, Johnson claims he has been denied religious items and group services, which he claims are integral to his religious practice. He further alleges that prison officials do not have an adequate justification for denying him these things, as evidenced by the fact that prisoners of other faiths are allowed to have similar items and to participate in group services. Although further factual development may show that the prison had valid reasons for denying Johnson's requests, accepting his allegations as true, he has alleged a plausible First Amendment and RLUIPA claim. As a procedural matter, Johnson only seeks injunctive relief in this action. Lowry, as the complex director, is a proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Johnson's religious practice is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Evan Lowry in his official capacity for injunctive relief pertaining to his request for Native American religious items and group services;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DIRECTS the U.S. Marshals Service to effect service of process on Evan Lowry pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS Evan Lowry to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: February 21, 2014

      /s/ JON E. DEGUILIO
Judge
United States District Court